UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| WORLDWIDE RECYCLERS, INC., | § | |
|     *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION H-09-2904 |
| | § | |
| ADVANCED ENVIRONMENTAL RECYCLING | § | |
| TECHNOLOGIES, INC., | § | |
|     *Defendant*. | § | |

## ORDER

Now before the court is defendant Advanced Environmental Recycling Technologies, Inc.'s ("AERT") first amended motion for summary judgment, which requests summary judgment on (1) its suit on a sworn account counterclaim; (2) its counterclaim for attorneys' fees; (3) defendant Worldwide Recylers, Inc.'s ("Worldwide") Texas Deceptive Trade Practices Act claim; (4) Worldwide's common law fraud, negligent misrepresentation, and breach of contract claims; and (5) Worldwide's claims for mental anguish and exemplary damages. Dkt. 19. Having reviewed the motion, the pleadings, and applicable law, the court is of the opinion that AERT's motion should be GRANTED.

### I. BACKGROUND AND ANALYSIS

Worldwide originally filed its state-law claims against AERT in Texas state court, and AERT removed the case to this court. Dkt. 1. A few months later, after obtaining leave, AERT filed its counterclaims, which include a verified suit on sworn account and a request for attorneys' fees. Dkts. 11, 12. Worldwide filed an unverified general denial. Dkt. 16. On August 30, 2010, AERT filed a motion for summary judgment and brief in support, requesting summary judgment on all of Worldwide's claims against it as well as on its suit on a sworn account and request for attorneys' fees. Dkt. 19. Worldwide never responded to the motion.

Under the Local Rules of the Southern District of Texas, failure to respond to a motion "will be taken as a representation of no opposition." S.D. Tex. Loc. R. 7.4. Because AERT's motion is

considered unopposed, no further analysis is needed on AERT's request to dismiss Worldwide's claims against it. Worldwide's claims against AERT are therefore DISMISSED WITH PREJUDICE.

AERT bears the burden with regard to its counterclaim for suit on a sworn account and attorneys' fees. In order to prevail on a common law suit on a sworn account under Texas law, AERT must show that it sold or delivered goods or services to Worldwide, that the charges on the account are just, and that the purchase price remains unpaid. *See Livingston Ford Mercury, Inc. v. Haley*, 997 S.W.2d 425, 430 (Tex. App.—Beaumont 1999, no pet.). AERT has shown the following through its submission of summary judgment evidence: (1) Worldwide ordered a certain amount of LDPE virgin material from AERT in June 2008 (Dkt. 19, Exh. A); (2) AERT delivered the material to Worldwide in July 2008, placing the charges for the materials on an open account (*id.*); (3) Worldwide advised AERT that the material was contaminated, and representatives of AERT and Worldwide discussed a solution via email (Dkt. 19, Exh. A-1); (4) on November 11, 2008, Worldwide offered to pay $0.30 per pound for the goods, and AERT accepted the offer (*id.*); and (5) AERT sent invoices to Worldwide, which Worldwide has not paid (Dkt. 19, Exh. A). Clearly, AERT delivered the materials and has not received payment. With regard to the second prong, whether the charges are "just," charges are considered "just" if "the prices are charged in accordance with an agreement . . . ." *Id.* Here, the evidence demonstrates that Worldwide offered to pay $0.30 per pound of material and AERT accepted the offer. Therefore, all three requirements for a common law suit on a sworn account are met, and AERT's motion for summary judgment on its suit for sworn account is GRANTED. AERT is awarded judgment against Worldwide in the amount of $82,337.48 plus post-judgment interest at an annual rate of 0.26% from the date of this judgment until paid.

Because AERT has prevailed on its suit on a sworn account, it is entitled to attorneys' fees under Texas Civil Practices and Remedies Code section 38.001(7). However, the affidavit AERT

submitted to support attorneys' fees and costs is not sufficient. While under Texas law there is a presumption that the fees are reasonable if they are "usual and customary" and courts may take judicial notice of what is "usual and customary," the court cannot tell from the affidavit submitted by AERT if the fees it requests are usual and customary. Tex. Civ. Prac. & Rem. Code §§ 38.003, 38.004; *see also Mathis v. Exxon Corp.*, 302 F3d 448, 462 (5th Cir. 2002). The court encourages the parties to work out an agreed amount for attorneys' fees and to submit a joint statement regarding that amount within 14 days of the date of this order. If the parties are unable to agree, they are each ORDERED to submit additional briefing and affidavits relating to the reasonableness of AERT's request for fees within 14 days of the date of this order.

## II. CONCLUSION

In sum, AERT's motion for summary judgment with regard to Worldwide's claims against it is GRANTED, and all of Worldwide's claims against AERT are DISMISSED WITH PREJUDICE. Additionally, AERT's motion for summary judgment with regard to its suit on sworn account is GRANTED, and AERT is awarded judgment of $82,337.48 plus 0.26% post-judgment interest. Additionally, AERT's motion for summary judgment with regard to attorneys' fees is GRANTED. However, the court will not rule on the appropriate amount for fees and costs until the parties have either submitted an agreed statement regarding the fees or have submitted additional briefing and affidavits as detailed above.

Signed at Houston, Texas on October 6, 2010.

_____
Gray H. Miller
United States District Judge